IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jose Antonio Anzaldo *aka Jose A Anzaldo*, ) | No. 8:14-cv-03175-RMG |
| ) | |
| Petitioner, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Cecilia Reynolds, *Warden Kershaw* ) | |
| *Correctional Institution*, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 22), recommending that Respondent's Motion for Summary Judgment (Dkt. No. 11) be granted and the habeas petition be dismissed. For the reasons stated below, the Court **ADOPTS** the R & R, **GRANTS** Respondent's Motion for Summary Judgment, and **DISMISSES** the habeas petition.

## I. Background

On April 7, 2008, Petitioner pled guilty to two counts of criminal sexual conduct with his daughters, one count of criminal sexual conduct with a minor - 2nd degree and one count of criminal sexual conduct with a minor - 1st degree. (Dkt. No. 12-1 at 6-17). Petitioner was sentenced to ten years on both convictions, with the sentences to run concurrent. (*Id.* at 16). No direct appeal was filed. On February 17, 2010, Petitioner filed an application for post-conviction relief (PCR), claiming, among other things, that plea counsel failed to adequately investigate his case. (*Id.* at 18-22). After an evidentiary hearing, the PCR court denied the PCR application with prejudice. (*Id.* at 107-120). Petitioner filed a Rule 59(e) motion, which was denied on October 12, 2012. (*Id.* at 122-125, 133-137). Petitioner filed a timely notice of appeal

and a petition for writ of certiorari. (Dkt. Nos. 12-3, 12-4, 12-7). The South Carolina Court of Appeals denied the petition for a writ of certiorari and remitted the matter on June 30, 2014. (Dkt. Nos. 12-7, 12-8).

The instant habeas petition was filed on August 1, 2014, raising four grounds for relief:

**Ground One**: Involuntary and Constitutionally Invalid Plea;

**Ground Two**: Ineffective Assistance of Defense Counsel in Failing to Investigate and Prepare for Trial;

**Ground Three**: Ineffective Assistance of Defendant Counsel For Advising Petitioner to Plead Guilty Although Defenses Existed For Trial;

**Ground Four**: Prosecutorial Misconduct.

(Dkt. No. 1 at 5, 6, 8, 9). The Magistrate Judge recommended granting Respondent's motion for summary judgment, finding that Grounds One and Two failed on the merits and Grounds Three and Four were procedurally barred. (Dkt. No. 22). Petitioner filed timely objections. (Dkt. No. 27).

## II. Legal Standard

### A. Report & Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a *de novo* determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made.

*Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

### B. Federal Habeas Review

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the adjudication of the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### III. Discussion

### A. Ground One: Involuntary Plea

After recounting much of the colloquy between Petitioner and the plea court, the PCR court found that "the overwhelming evidence in the record and presented through the testimony of the witnesses at the hearing reflects that the plea was knowingly and voluntarily entered." (Dkt. No. 12-1 at 118). This finding was not contrary to or an unreasonable application of clearly established federal law. As the Magistrate Judge explained, Petitioner affirmed under oath that

he understood the charges, the possible sentences, and the rights he was waiving, including a right to jury trial and his right to remain silent. (Dkt. No. 12-1 at 7-12). He affirmed that his attorney had done all "he should do or could do in helping [Petitioner]" and that he was completely satisfied with the service of counsel. (*Id.* at 12-13). He had no complaints about the prosecutors, was not threatened and affirmed that he was pleading guilty of his "own free will and accord." (*Id.* at 13). Petitioner affirmed that he was pleading guilty because he "did . . . commit a sexual battery on [Minor 1]" and "did, in fact . . engage in a sexual battery on or with [Minor 2]." (*Id.* at 13-14). Petitioner argues that "[t]here was no 'affirmative showing' that Petitioner understood the charges" at the plea hearing. (Dkt. No. 27 at 3). This claim is directly contradicted by the plea transcript cited above, and the plea court's determination was not contrary to or an unreasonable application of clearly established federal law or an unreasonable determination of fact.

Petitioner next argues that his plea must be deemed involuntary because he did not admit "the factual basis given to the charge by the State." (Dkt. No. 27 at 3). Petitioner refers to a portion of the plea transcript where the solicitor is recognized and states that Petitioner's two children

> were assaulted by him at various times over the course of years. He used his fingers to actually penetrate the girls. And he also touched their bodies, kissed–made some one–in one or more cases, kissed the breast of [Minor 1] and even gave her money if she would pull down her pants and expose herself. [Minor 1] indicated this began when she was nine or ten years old. And she is the older of the two girls.

(Dkt. No. 12-1 at 14). The plea court then asked: "Do you understand all of these things and do you agree with what the Solicitor just told me, Mr. Anzaldo?" (*Id.* at 15). Petitioner asked to

speak with his attorney and was allowed to do so. (*Id.*). After a pause, the court asked "[i]s there a problem we need to resolve?" (*Id.*). Petitioner replied, "No. You can continue, please."

Petitioner argues that because he never answered the court's question, his pleas is involuntary. Petitioner is mistaken. The fact that he did not answer one particular question does not make his plea involuntary. The PCR court found that Petitioner's plea was voluntary and knowing based on the record both at the plea hearing and at the PCR hearing. The record is replete with evidence that Petitioner's plea was voluntary and knowing. Earlier in the plea hearing, the court and Petitioner had the following exchange about the indictment for criminal sexual conduct with a minor in the second degree:

> **The Court**: This indictment, Mr. Anzaldo, alleges or says that you did here in Saluda County between January 1st, 2004 and March the 7th of 2005, engage in a sexual battery with a minor, I think, it's [Minor 1] Anzaldo, by inserting your fingers and/or penis into her vagina or rectum and that [Minor 1] was between 14 years of age or less, but who was at least 11 years of age and you were older than your daughter.
>   Do you understand this allegation? Do you understand what I just said to you?
>
> **Interpreter**: Yes.
>
> **The Court**: And this is what you want to plead guilty to; is that correct?
>
> **Interpreter**: Yes.

(Dkt. No. 12-1 at 8-9). The plea court then had this exchange with Petitioner about the indictment for criminal sexual conduct with a minor in the first degree:

> **The Court**: This indictment, Mr. Anzaldo, says that you did here in Saluda County between November the 24th, 2004 and November the 24th of 2005, engage in a sexual battery. This was on or with [Minor 2], that you pentrated her vagina and/or rectum and that [Minor 2] was less than 11 years of age. Do you understand this allegation, Mr. Anzaldo.

>   **Interpreter**: Yes.
>
>   **The Court**: And this is what you want to plead guilty to; is that correct?
>
>   **Interpreter**: Yes.

(Dkt. No. 12-1 at 9-10). Plea counsel testified that he discussed, the charges, facts, and evidence with Petitioner multiple times and that Petitioner understood what he was pleading to. (*E.g., id.* at 63-64, 65, 73-74, 80, 81, 83, 87). The PCR court found this testimony "very credible." (*Id.* at 97). Under these circumstances, the Court cannot find that the PCR court made an unreasonable determination of the facts in light of the evidence or that the PCR court's findings were contrary to or an unreasonable application of clearly established federal law.

Petitioner also appears to argue that the factual allegations in the indictment constitute a lewd act on a minor and not criminal sexual conduct. (Dkt. No. 27 at 3). "A person is guilty of criminal sexual conduct with a minor in the first degree if . . . the actor engages in sexual battery with a victim who is less than eleven years of age." S.C. Code Ann. § 16-3-655(A). "A person is guilty of criminal sexual conduct with a minor in the second degree if . . . the actor engages in sexual battery with a victim who is fourteen years of age or less but who is at least eleven years of age." S.C. Code Ann. § 16-3-655(B). "Sexual battery" includes "any intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body." S.C. Code Ann. § 16-3-651. The elements of these crimes were charged in the indictment. (*See* Dkt. No. 12-1 at 103-106). Therefore, this objection lacks merit.

Finally, Petitioner argues that too much emphasis was placed on the possibility of him receiving a sentence of 50 years in prison if he did not plead guilty. (Dkt. No. 27 at 4). However, it was counsel's responsibility to inform Petitioner of the maximum penalty for the

crimes charged. So informing Petitioner does not amount to coercion or result in an involuntary plea. *See Parker v. N. Carolina*, 397 U.S. 790, 795 (1970) ("[A]n otherwise valid plea is not involuntary because induced by the defendant's desire to limit the possible maximum penalty to less than that authorized if there is a jury trial."). Therefore, the Court grants Respondent's motion for summary judgment as to Ground One.

## B. Ground Two: Ineffective Assistance of Defense Counsel in Failing to Investigate and Prepare for Trial

### 1. Legal Standard

Where allegations of ineffective assistance of counsel are made, the question is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). First, the Petitioner must show that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. *Id.* at 687-88. Second, the Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

"The standards created by *Strickland* and § 2254(d) are both highly deferential . . . and when the two apply in tandem, review is doubly so." *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011). In applying § 2254(d), "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.*

2. Discussion

The Court agrees that the PCR court's determination was not contrary to clearly established federal law. A state-court decision is contrary to clearly established federal law "if the state court applies a rule that contradicts the governing law set forth in [U.S. Supreme Court] cases .. [or] if the state court confronts a set of facts that are materially indistinguishable from a decision of [the U.S. Supreme Court] and nevertheless arrives at a result different from our precedent." *Williams v. Taylor*, 529 U.S. 362, 406 (2000). The PCR court applied *Strickland v. Washington*, 466 U.S. 668 (1984), and *Hill v. Lockhart*, 474 U.S. 52 (1985), the governing Supreme Court precedent. (*See* Dkt. No. 12-1 at 112-13). Petitioner has not pointed to any Supreme Court cases that are materially indistinguishable but arrives at a different result. Petitioner points to *Kimmelman v. Morrison*, 477 U.S. 365 (1986). (Dkt. No. 27 at 12). In *Kimmelman*, trial counsel failed to request any discovery at all and, therefore, failed to file a timely suppression motion, and counsel "offered only implausible explanations" for these failures. *Id.* at 385, 386. Here, counsel *did* file a discovery motion and received discovery, (Dkt. No. 12-1 at 81), and there was no suppression issue. Thus, *Kimmelman* is distinguishable.

The Court also agrees that the PCR court's decision is not an unreasonable application of Supreme Court precedent. A state-court decision unreasonably applies precedent when it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Williams v. Taylor*, 529 U.S. at 407-08. Here, there is at least a "reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011). Petitioner complains that trial counsel obtained exams and interviews performed by DSS. (Dkt. No. 27 at 7, 8, or 9). In ruling on Petitioner's Rule 59(e)

-8-

motion, the PCR court found that Petitioner failed to show any prejudice from this failure, as he did not present "any evidence of what counsel could have discovered or what other defenses could have been pursued" had counsel obtained this information. (Dkt. No. 12-1 at 129-30). This determination is not unreasonable. Petitioner has still failed to present any evidence of what counsel could have discovered had he obtained DSS records.[1]

Petitioner also complains that counsel did not consult with a forensic expert. Trial counsel testified that he did not request a forensic exam of the younger child because "she didn't allege any sort of forceful penetration" and after so many months, there would not be any physical evidence. (Dkt. No. 12-1 at 66-67). The PCR court noted this testimony and again found no prejudice because Petitioner "could not point to any specific matters counsel failed to discover which would have caused him to proceed with a jury trial instead of plead guilty." (Id. at 114-15). This determination is not unreasonable. Petitioner has still failed to present such evidence.

Finally, Petitioner argues that counsel should have requested a psychological examination of the victims to determine if they had psychological disorders consistent with sexually assaulted children. (Dkt. No. 27 at 10). Again, the PCR court's determination that Petitioner failed to show prejudice under *Strickland* is not unreasonable. Petitioner presented no evidence that such exams would have concluded the girls' behavior was inconsistent with that of sexual assault victims. As Petitioner, himself notes, "the psychological science encompassing sexual[ly] abused children . . . is subject [to] endless variables and must be taken in consideration with numerous factors." (Dkt. No. 27 at 10). Petitioner has presented no evidence of what the result

---

[1] The Court notes that counsel did obtain incident reports and statements of the victims. (Dkt. No. 12-1 at 81).

-9-

of such examinations might have been or that they would have been helpful to his case. Therefore, the Court finds that the PCR court's decision is not an unreasonable application of *Strickland* and *Hill*.

### C. Procedurally Barred Claims - Grounds Three and Four

#### 1. Procedural Bar

A habeas petitioner must exhaust the remedies available to him in state court. 28 U.S.C. § 2254(b)(1). This requires a habeas petitioner to "fairly present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), *overruled on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011). Procedural bypass, sometimes referred to as procedural bar or procedural default, occurs when a petitioner seeking habeas corpus relief failed to the raise the issue asserted in his habeas petition at the appropriate time in state court. Because the petitioner has no further means of raising the issue before the state courts, he is considered to have bypassed his state court remedies and is, thus, procedurally barred from raising the issue in a federal habeas proceeding. *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *Weeks v. Angelone*, 176 F.3d 249, 272 n.15 (4th Cir. 1999) ("A claim is procedurally defaulted when it is rejected by a state court on an adequate and independent state procedural ground.").

Petitioner did not raise Ground Three and Four in the appeal of his PCR proceeding. (See Dkt. Nos. 12-4, 12-6). Thus, Petitioner has failed to "fairly present his claims to the state's highest court" and bypassed his state court remedies. *Matthews v. Evatt*, 105 F.3d at 911. Therefore, he is barred from raising them here. Petitioner does not object to Magistrate Judge's finding that these grounds are procedurally barred but objects to her finding that he cannot establish cause and prejudice. (Dkt. No. 27 at 14-17).

2. Cause and Prejudice

Grounds Three and Four are procedurally barred from federal habeas review unless Petitioner can show (1) cause for not complying with the state court's procedural rule and actual prejudice resulting from the alleged constitutional violation or (2) a miscarriage of justice. *E.g., Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999). "Cause" exists if "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n. 24 (1999)

### a. Ground Three

In Ground Three, Petitioner argues that trial counsel was ineffective for advising him to plead guilty. Petitioner argues that he can demonstrate cause under *Martinez v. Ryan* for his failure to raise this claim in his PCR proceedings. Generally, a PCR attorney's negligence does not establish cause for a procedural default. *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991). However, the Supreme Court recognized a narrow exception to this general rule in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), holding that, in certain circumstances, ineffective assistance of counsel in an initial PCR proceeding can provide "cause" for not complying with state procedural rules regarding a claim of ineffective assistance at trial. To show cause under *Martinez*, a prisoner must demonstrate (1) that his PCR counsel was ineffective under *Strickland* and (2) that "the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id.* at 1318.

The Magistrate Judge found that Petitioner failed to show that his underlying claim was a substantial one. (Dkt. No. 22 at 27-28). Petitioner claims his trial counsel should not have advised him to plead guilty because the time frame in the indictment was too broad to allow him

to raise an alibi defense. (Dkt. No. 27 at 14). Petitioner concedes that "time is not a[] material element of first degree CSC with a minor and the State is not required to denote the precise day, or even year, of the accused conduct in an indictment charging CSC." (Dkt. No. 27 at 14). However, Petitioner argues that the time frame in the indictment is still to broad to meet constitutional muster and points to *State v. Baker*, where the South Carolina Supreme Court found that the indictment, which charged four counts of committing a lewd act upon a minor over a "non-specific, six-year period" was "unconstitutionally over broad because it lacked specificity as to when the alleged acts occurred."[2] *State v. Baker*, 769 S.E.2d 860, 865 (2015), *reh'g denied* (Apr. 9, 2015). The *Baker* court noted that "[h]ad the indictments alleged that the conduct occurred during the summer months of the years 1998 through 2004, i.e., June 1 until September 1, we believe the indictments would have been sufficient." *Id.* at 865 n.5

Here, the indictments alleged a 14-month and 12-month time span, respectively. (Dkt. No. 12-1 at 104, 106). As Petitioner concedes, the South Carolina Court of Appeals has held that "[t]he State is not required to denote the precise day, or even year, of the accused conduct in an indictment charging criminal sexual conduct." *State v. Tumbleston*, 654 S.E.2d 849, 855 (S.C. Ct. App. 2007). The *Tumbleston* court found that a 3.5-year time frame ("between 2001 and June 2004") was specific enough to meet constitutional requirements. *Id.* Notably, the *Baker* court did not overrule *Tumbleston*, but cited it with approval. *See Baker*, 769 S.E.2d at 864. Furthermore, while the *Baker* court found a six-year period too broad, it also explicitly noted that a 21-month period (the three summer months of seven different years) would have been sufficiently specific. *Baker*, 769 S.E.2d at 865 n.5. Thus, *Baker* suggests that the 12-month and

---

[2] The *Baker* court was interpreting South Carolina's state constitution. *See id.* at 863.

14-month periods at issue here are sufficiently specific time periods. Petitioner has failed to point to any authority that would suggest the 12-month and 14-month time periods alleged in the indictments here are constitutionally over broad. Therefore, the Court agrees with the Magistrate Judge that this underlying ineffective assistance of counsel claim is not a substantial one, and summary judgment is appropriate.

### b. Ground Four

Petitioner has failed to show any cause for his failure to raise his prosecutorial misconduct claim (Ground Four) before the state court. Petitioner simply states in conclusory fashion that "either the Prosecutor or Defense Counsel (state appointed) has cause or made an impediment to Petitioner's development of the material facts to support a Brady issue." (Dkt. No. 27 at 16). This conclosory statement will not suffice. Petitioner has failed to state how the Prosecutor allegedly impeded his ability to raise this claim with the state court. Furthermore, a PCR attorney's negligence, generally, does not establish cause for a procedural default. *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991). While the Supreme Court recognized a narrow exception to this general rule in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), "*Martinez* is a limited exception that applies only to the procedural default of a claim of ineffective assistance of trial counsel." *E.g., Reilly v. Cartledge*, No. CIV.A. 0:12-3503-SB, 2014 WL 4656511, at *8 (D.S.C. Sept. 17, 2014,) *appeal dismissed*, 589 F. App'x 220 (4th Cir. 2015). It does not apply to claims of prosecutorial misconduct. *Id.* Therefore, this ground is procedurally barred.

### IV. Conclusion

The Court **ADOPTS** the R & R (Dkt. No. 22), **GRANTS** Respondent's Motion for Summary Judgment (Dkt. No. 11), and **DISMISSES** the habeas petition.

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

August 24, 2015
Charleston, South Carolina